UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver for The
Royal Palm Bank of Florida

    Plaintiff,

v.                                                             Case No: 2:14-cv-232-FtM-29CM

MARIA GABY SOLIZ, PIERRE
FREGEAU, BRUCE CARR, TIME
OFF, LLC, WASHINGTON
MUTUAL BANK and THE
VILLAGES AT EMERALD LAKES
TWO,

    Defendants.

## ORDER

Before the Court is Plaintiff's, Federal Deposit Insurance Corporation ("FDIC"), Motion for Default against Defendants Maria Gaby Soliz; Pierre Fregeau; Time Off, LLC; Washington Mutual Bank, and The Villages at Emerald Lakes Two and Incorporated Memorandum of Law ("Motion for Default") (Doc. 10), filed on September 2, 2014.  Javier A. Pacheco, Esq., attorney for the FDIC, also filed an affidavits in support of the Motion for Default (Docs. 11, 12).  None of the parties against whom the FDIC seeks default responded to the Motion for Default, and the time for doing so has expired.  Thus, the Motion for Default is ripe for resolution.  For the reasons set forth herein, however, the Motion for Default will be denied without prejudice.

## I. Background

This action arises from a foreclosure of real property. On January 11, 2010, The Royal Palm Bank of Florida[1] ("Royal Palm"), predecessor in interest to the FDIC, obtained a Final Summary Judgment of Foreclosure of Unit M-201, The Villages at Emerald Lakes Two, a Condominium ("the property") against all Defendants in the amount of $206,666.60. Doc. 10 at 5, 16-21. The property was purchased by Royal Palm at a foreclosure sale held February 10, 2010, and a Certificate of Title was issued by the Clerk of the Twentieth Judicial Circuit Court in and for Collier County, Florida on February 23, 2010. *Id.* at 5. Royal Palm sold the property on May 17, 2010 via special warranty deed, which was recorded in the public records of Collier County. *Id.* On August 12, 2010, JP Morgan Chase ("JP Morgan"), who purportedly holds an assignment of Defendant Washington Mutual Bank's ("WaMu") interest in the property, sought to intervene in the state court proceedings and moved to set aside the final judgment of foreclosure. *Id.* at 5-6.

JP Morgan was permitted to intervene, and Royal Palm was granted leave to file a supplemental complaint of reforeclosure also to foreclose against JP Morgan; but JP Morgan's request to have the sale and judgment set aside was denied. Doc. 1-5 at 3. On May 16, 2011, Royal Palm filed the reforeclosure complaint and served it on all Defendants by U.S. Mail, pursuant to Florida Rule of Civil Procedure 1.080, but none of the Defendants filed a response. Doc. 10 at 7, 22-24. JP Morgan filed

---

[1] The Complaint originally was filed on May 17, 2011 and was filed in this Court on April 23, 2014. *See* Doc. 2.

an Answer and Counterclaims in state court on June 9, 2011. Doc. 3. Royal Palm filed an Answer and Affirmative Defenses to JP Morgan's Counterclaims on June 24, 2011. Doc. 4.

Royal Palm subsequently was closed by the Florida Office of Financial Regulation on July 20, 2012, and the FDIC was named receiver. The FDIC filed a Notice of Substitution of Parties on April 3, 2014, and timely removed the case to this Court on April 23, 2014.[2] Doc. 1. The FDIC represents that the Notice of Removal, copies of the reforeclosure complaint and various other documents filed in this Court also were served upon all Defendants and JP Morgan. Doc. 10 at 8. None of the Defendants, except JP Morgan, has appeared in the case while pending before this Court.

II.     Discussion

The FDIC seeks a Clerk's default, pursuant to Rule 55(a), Federal Rules of Civil Procedure, against Defendants WaMu and The Villages at Emerald Lakes Two ("The Villages") and a default judgment, pursuant to Rule 55(b)(2), against Defendants Maria Gaby Soliz ("Soliz"), Pierre Fregeau ("Fregeau"), Bruce Carr[3] ("Carr") and Time Off, LLC based upon their failure to answer the Verified Supplemental Complaint to Reforeclose Mortgage to Foreclose Omitted Defendant

---

[2] The FDIC may remove a case to federal court within 90 days of becoming a party pursuant to the Financial Institution Reform, Recovery and Enforcement Act of 1989. *See* 12 U.S.C. § 1819(b)(2)(B).

[3] Bruce Carr is not listed in the title of the Motion for Default, but the body makes clear that the FDIC also seeks default against him.

(Doc. 2), despite previously filing answers in the underlying foreclosure action. *See* Doc. 10 at 2.

The state court determined that the original complaint properly was served on all Defendants; and, in granting JP Morgan's petition to intervene and Royal Palm's motion for leave to reforeclose, that court expressly stated "[t]he foreclosure judgment entered in this action and the foreclosure sale of the property to Plaintiff and any subsequent sales of the property are still in full force and effect." Doc. 1-5 at 3; *see* Doc. 11 at 8 (WaMu), 11 (The Villages), 15 (Carr), 22 (Fregeau), 23 (Soliz). Moreover, a default was entered in state court against WaMu and The Villages based upon their failure to answer or otherwise defend. Doc. 11 at 9. Thus, it is unclear to the Court why, if there exists a valid, undisturbed state court judgment of foreclosure as to the interest of all Defendants against whom Plaintiff now seeks a Clerk's default, this Court need enter a second default.

### III. Conclusion

Because a valid state court judgment of foreclosure has been entered against the Defendants now sought to be defaulted by Plaintiff, and the state court expressly stated that the judgment and subsequent sale were not disturbed by that court permitting JP Morgan to intervene, it does not appear that a second default is required; or, at least, it is unclear upon what grounds this Court can enter such default. The Court therefore will deny the Motion for Default without prejudice to Plaintiff refiling the motion explaining the basis upon which the Court may enter a second default, if such grounds exist.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's, The Federal Deposit Insurance Corporation, Motion for Default Against Defendants Maria Gaby Soliz; Pierre Fregeau; Time Off, LLC; Washington Mutual Bank, and The Villages at Emerald Lakes Two (Doc. 10) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 22nd day of December, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record